### KING *v.* BALDWIN, 17 J. R. 384.
#### In Ch. 2 S. C. R. 554.

*Relief in Chancery after Trial and Judgment at Law ; Laches of Holder of Note, &c.*

THE appellant, King, filed his bill before the Chancellor, to be relieved against a judgment obtained against him as a surety for the payment of a promissory note, which Baldwin held against one Fowler. King had defended the suit on the note, on the ground that he had been discharged by the *laches* of the holder; that he had informed Baldwin of the failing circumstances of F., the maker, who afterward failed, and took the benefit of the insolvent act ; and it was proved in the present case, that K., had frequently urged B. to sue F. ; but that B. said he believed F. to be an honest man, and he would not trouble him ; that he would as soon lose his debt as prosecute him for it.

The judge at the circuit, held the evidence not a good defence.

The Chancellor, Kent, dismissed the bill with costs; because the question had been already tried at law, where the defence was as good as in equity, if a valid one; that having made the defence, and it having been overruled at law, he can not afterwards on the same facts obtain relief against the judgment thus obtained, but should have excepted and prosecuted his writ of error; or on the refusal of the holder to sue F., should have filed his bill to compel him to go on. On appeal from this decree,

The Court of Errors reversed it, for which the reasons were assigned by Mr. Justice Spencer, who was in favor of reversal. He held that the plaintiff having offered on the trial at law, to prove the facts which he relies on in his bill, and the evidence being rejected by the judge, he may have relief in equity, as the question of the defence being a good one at law, was doubtful; and as the facts proved discharged the surety.

On the question of *reversal*, the court stood 13 to 13, when the President of the Senate, (Lt. Gov. Taylor,) gave his casting vote for reversing the Chancellor's decree.

---

☞ Mr. Greenleaf has put this case among his "*overruled, denied, and doubted cases,*" with this note. "Denied in *Warner* v. *Beardsley,* 8 Wend. 198, by the Chancellor, who says: 'it also stands in opposition to the decisions of most, if not all, of the states in the Union where the question has arisen.'"

We apprehend that Mr. Greenleaf has rather hastily placed this case among cases overruled, or denied, for in the same case, (*Warner* v. *Beardsley,*) a little further on, the Chancellor says: "as that case, (*King* v. *Baldwin,*) was decided by the court of dernier resort, it must probably be considered as binding authority in all cases coming directly *within that decision.*" It is true that he had already said that "*Paine* v. *Packard,* was overruled by the Chancellor in *King* v. *Baldwin.* But how the Chancellor can be properly said to have *overruled* a case then just decided by the Supreme Court, the relative jurisdiction of the two tribunals makes it difficult to understand. Nor is it easy to discover on what special ground the Chancellor, in the case of *King* v. *Bald*

*win*, dissents from the doctrine of the Supreme Court in *Paine* v. *Packard*, while he cites, without doubting its authority or correctness, the case of *The People* v. *Jansen*, 7 J. R. 332. See also *People* v. *Berner*, 13 J. R. 383; *Powell* v. *Wat rs*,17 J. R. 175.

As to the *other point* decided by the Court of Errors, in *King* v. *Baldwin*, viz., that a court of equity may entertain a bill to relieve a party who has made an unsuccessful attempt to offer such a defence in evidence in a *court of law*, it is of worse than doubtful authority. It is a strange and anomalous decision. If carried into practical operation, it would make the Court of Chancery a court of revision in every case where a *doubtful* defence of every species had been overruled in a court of law.

And in the case of *Berry* v. *Thompson*, 17 Johnson's Rep. 436, in Court of Errors; in Chancery, 3 J. C. R. 395, this precedent seems repudiated by the Court of Errors. It was there held that where a party is sued at law, on notes alleged by him to be usurious, and he suffers a verdict and judgment to be taken against him, without making any defence, or applying to the Court of Chancery, in due season, he is concluded, and is not entitled to relief in equity, and the Chancellor's decree dismissing the bill, was affirmed with costs.